Jonathan D. Hanks (13061)
205 26th St., Ste, 31.
Ogden, Utah 84401
Telephone: (801) 603-8432
Email: jhanks@hanks-law.com

Attorney for Leonard Marion

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEONARD MARION,<br><br>Plaintiff,<br><br>vs.<br><br>WEBER COUNTY, a Utah county, OGDEN CITY, a Utah municipality, MORGAN COUNTY, a Utah county, ROY CITY, a Utah municipality, LUCAS CALL, an individual, TYLER THOMLINSON, an individual, BRANDON MILES, JOHN DOES 1 through 30, each an individual.<br><br>Defendants. | AMENDED COMPLAINT<br><br>Civil Action No. 1:18-cv-00148 |

COMES NOW the Plaintiff, Leonard Marion, and complaints against gives notice of civil claim against Officer Lucas Call, Officer Tyler Thomlinson, Ogden City, Roy City, Morgan County, and Weber County. Plaintiff's claim is based upon the following grounds:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorney fees pursuant to 42 U.S.C. §1988. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Ogden, State of Utah.

2. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

## PARTIES

3. At all times relevant to this matter, Plaintiff was a resident of Weber County, Utah;

4. At all times relevant to this matter, Brandon Miles was a Deputy Weber County Attorney;

5.  At all times relevant to this matter, Lucas Call was an officer in the Ogden City Police Department and a member of the Weber Morgan Narcotics Strike Force;

6.  At all times relevant to this matter, Tyler Thomlinson was an officer in the Roy City Police Department and a member of the Weber Morgan Narcotics Strike Force;

7.  At all times relevant to this matter, Shanae Gerard, Jason Romney, Sara McKenzie, Rob Carpenter, Paul Rimmasch, and Nalleli Hernandez were employed by Ogden City Police Department or Roy City Police Department;

8.  At all times relevant to this matter, Lucas Call was engaged in an extramarital affair with a female named Frankie Garza;

## **FACTS**

9.  At all times relevant to this matter, Plaintiff was a resident of Weber County, Utah;

10. At all times relevant to this matter, Lucas Call was an officer in the Ogden City Police Department and a member of the Weber Morgan Narcotics Strike Force;

11. At all times relevant to this matter, Tyler Thomlinson was an officer in the Roy City Police Department and a member of the Weber Morgan Narcotics Strike Force;

12. At all times relevant to this matter, Shanae Gerard, Jason Romney, Sara McKenzie, Rob Carpenter, Paul Rimmasch, and Nalleli Hernandez were employed by Ogden City Police Department or Roy City Police Department;

13.   At all times relevant to this matter, Lucas Call was engaged in an intimate, extramarital affair with a female named Frankie Garza;

14.   Lucas Call and Frankie Garza met and became intimate through their mutual involvement in criminal action against Frankie Garza.

15.   At that time, Plaintiff was also in an intimate relationship with Frankie Garza.

16.   On November 20, 2014, Plaintiff was finishing a meal at Lee's Mongolian BBQ ("Restaurant") in Ogden City, Utah;

17.   Plaintiff was accompanied at his meal by Frankie Garza;

18.   Officers Call and Thomlinson entered the Mongolian BBQ wearing plain clothes;

19.   Officers Call and Thomlinson did not announce themselves as police officers;

20.   Officers Call and Thomlinson did not announce that they were arresting Plaintiff.

21.   Officer Call tackled Plaintiff to the ground;

22.   Officer Call beat Plaintiff with his fists, causing extensive injuries to Plaintiff's mouth and the rest of Plaintiff's face;

23.   Officer Call drew his firearm and shot Plaintiff multiple times ("Assault");

24.   Emergency Medical Care was dispatched to the scene of the Assault;

25.   Additional members of law enforcement arrived at the scene of the Assault.

26.   One of the police officers present at the scene redirected the ambulance from the scene of the Assault to another location;

27.   Plaintiff had to wait for another medical emergency vehicle to arrive before he was transported to a hospital;

28. Plaintiff was transported to McKay-Dee Hospital for treatment;

29. CSI Officers arrived on scene to process the crime scene.

30. Officer Call and Officer Thomlinson changed into police uniforms before taking pictures at the crime scene for CSI Officers.

31. The Mongolian Barbeque restaurant had a security camera system in place on the night of the incident.

32. The security camera system recorded footage of the incident.

33. Upon information and belief, police officers from Ogden City Police Department and Roy City Police Department removed surveillance footage from the security camera system.

34. Plaintiff sustained serious injuries as a result of being beaten and shot by Officer Call ("Assault");

35. Plaintiff nearly died as a result of the Assault;

36. Plaintiff's injuries include lost teeth, a lost finger, injuries to the face and injuries to the back;

37. As a result of the Assault, Plaintiff could not walk for months and was in constant pain;

38. Officers Call and Thomlinson reported the Assault as an act of aggression by Complainant, causing Complainant to be incarcerated for months in the Weber County Jail.

39. Plaintiff was incarcerated in the Weber County Jail.

40. Upon arriving at the Weber County Jail, Plaintiff was placed in solitary confinement.

41.     Plaintiff was denied adequate medical care, including being denied pain medication.

42.     Because of injuries to his back from being shot, Plaintiff was unable to walk.

43.     Plaintiff was thrown on the floor of his cell and left to fend for himself.

44.     Plaintiff was forced to crawl across the floor to reach the food placed just inside his cell

door.

45.     Due to the actions of Defendant Call and Defendant Thomlinson, Plaintiff has trouble

using one of his hands, as he is missing a finger and has had significant surgery

performed on that hand.

46.     Due to the actions of Defendant Call and Defendant Thomlinson, Plaintiff has constant

back pain which restricts his movements and ability to function daily.

47.     Due to the actions of Defendant Call and Defendant Thomlinson, Plaintiff is missing a

tooth.

48.     Due to the actions of Defendant Call and Defendant Thomlinson, Plaintiff cannot sleep

well, and suffers nightmares in which he relives the Assault and subsequent trauma.

49.     The Weber County Attorney brought criminal charges against Plaintiff for the Assault.

50.     Weber County claimed in the Information that Defendants Call and Thomlinson were

attempting a lawful arrest.

51.     Weber County claimed that Plaintiff assaulted Defendants Call and Thomlinson.

52.     Brandon Miles was the Deputy Weber County Attorney in charge of the case.

53.     Plaintiff filed a notice of claim against the Municipalities claimed against herein.

54.     Defendant Miles became aware of Plaintiff's notice of claim.

55.    Defendant Miles offered Plaintiff a plea deal in the criminal action that required Plaintiff

       to forego any civil action that may have already been undertaken and to promise not to

       sue Weber County in any future civil action for the Assault.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Assault – Lucas Call, Tyler Thomlinson

56.    Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully

       stated herein.

57.    Defendants Lucas Call and Tyler Thomlinson intentionally attacked Plaintiff, with strikes

       to Plaintiff's body and with gunshots.

58.    Those strikes and gunshots were intended to cause Plaintiff to fear harmful contact with

       his person.

59.    Plaintiff indeed became apprehensive of imminent harmful contact from Officers Call

       and Thomlinson.

60.    Because of Defendants' assault of Plaintiff, Plaintiff has been injured in an amount to be

       proven at trial, but no less than $500,000.00.

### SECOND CAUSE OF ACTION
Battery – Lucas Call, Tyler Thomlinson

61.    Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully

       stated herein.

62.    Defendants Lucas Call and Tyler Thomlinson intentionally attacked Plaintiff, with strikes

       to Plaintiff's body and with gunshots.

63.     Defendants Call and Thomlinson intended those strikes and gunshots to cause harmful contact to Plaintiff.

64.     The strikes and gunshots did indeed cause harmful contact with Plaintiff.

65.     Plaintiff never consented to being struck or shot by Defendants Call and Thomlinson.

66.     Because of Defendants' battery of Plaintiff, Plaintiff has been injured in an amount to be proven at trial, but no less than $2,000,000.00.

## THIRD CAUSE OF ACTION
False Imprisonment– Lucas Call, Tyler Thomlinson

67.     Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

68.     Defendants Lucas Call and Tyler Thomlinson intentionally filed false and fraudulent police reports in which they accused Plaintiff of assaulting and attempting to murder them.

69.     Defendants Call and Thomlinson filed the false reports with the intent to secure the unlawful and baseless incarceration of the Plaintiff.

70.     As a direct result of Defendant Call and Thomlinson's false reports, Plaintiff was charged with attempted murder and incarcerated in Weber County Jail and subsequently in a federal prison.

71.     Plaintiff was conscious of his incarceration.

72.     Plaintiff was harmed by his incarceration because his freedom was curtailed..

8

73.   Plaintiff was harmed by his incarceration because he was denied proper medical care while incarcerated.

74.   Plaintiff did not consent to his confinement.

75.   Because of Defendants' false imprisonment of Plaintiff, Plaintiff has been injured in an amount to be proven at trial, but no less than $500,000.00.

**FOURTH CAUSE OF ACTION**
Negligence – John Does 15 and John Does 16 through 30

76.   Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

77.   John Doe 15 is the law enforcement officer who turned the ambulance away from the scene of the Assault.

78.   John Doe 15 had a duty to not deny adequate medical care to Plaintiff.

79.   John Doe 15, by intentionally turning away the ambulance that was on scene, intentionally delayed Plaintiff's access to medical care, breaching his duty to Plaintiff.

80.   The delay in providing medical care to Plaintiff worsened his injuries and his loss of blood, constituting a direct and proximate cause of injury to Plaintiff.

81.   John Does 16-30 consist of medical staff and Deputy Weber County Sheriffs at the Weber County Jail who were given charge of Plaintiff's care ("Jailers").

82.   The Jailers had a duty to give adequate medical care and general care to Plaintiff while he was incarcerated at the Weber County Jail.

83.   Jailers breached their duty by intentionally withholding medical care and basic care that Plaintiff needed, and that the Jailers knew he needed.

84.   Jailers' withholding of treatment directly and proximately resulted in extreme physical, mental, and emotional anguish by Plaintiff.

85.   John Doe 15 and Jailer's negligence in caring for and treating Plaintiff injured Plaintiff in an amount to be proven at trial, but no less than $4,000,000.00.

## FIFTH CAUSE OF ACTION
Defamation –

86.   Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

87.   Defendants Lucas Call and Tyler Thomlinson intentionally filed false and fraudulent police reports in which they accused Plaintiff of assaulting and attempting to murder them.

88.   Those reports were published, with the knowledge, intent, and consent of Defendants Call and Thomlinson to third parties, including other members of law enforcement, members of the legal profession, to the news media, and, through the news media, to tens or hundreds of thousands of people, knowing that the statements were false.

89.   Defendants Call and Thomlinson published the false statements with the intent to cause harm to Plaintiff.

90. The defaamation of Plaintiff's character bv Defendant Call and Defendant Thomlinson has injured Plaintiff in an amount to be proven at trial, but no less than $500,000.00.

## SIXTH CAUSE OF ACTION

42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and Article 1, Section 14 of the Utah Constitution
(Ogden City, Roy City, Morgan County and Weber County (together, "Municipalities"))

91. Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

92.  42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

93.  Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983. 133.

94.  All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Ogden, Roy, Weber, or Morgan police officers and their acts or omissions were conducted within the scope of their official duties or employment.

95.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

96.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

97.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

98.     Defendants Call and Thomlinson's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

99.     Defendants Call and Thomlinson's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Marion's federally protected rights.

100.    The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

101.    Defendants Call and Thomlinson unlawfully seized Mr. Marion by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Marion of his freedom.

102.    The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

103.   None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

104.   Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

105.   They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

106.   The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

107.   These individual Defendants acted in concert and joint action with each other.

108.   The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

109.   These individual Defendants are not entitled to qualified immunity for the complained of conduct.

110.   The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

111.   As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

112.   As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

113.   On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from his injuries, in amounts to be ascertained in trial.

114.   Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

115.   There may also be special damages for lien interests.

116.   In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SEVENTH CAUSE OF ACTION
42 U.S.C. § 1983 – Violation of Due Process via Abuse of Process, U.S. Constitution Fifth

Amendement, Utah Constitution Article 1, Section 7

(Weber County, Brandon Miles, John Does 1-14)

14

117.   Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

118.   42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

119.   Plaintiff in this action is a citizen of the United States and the deputy Weber County Attorney Defendant to this claim is a person for purposes of 42 U.S.C. § 1983. 133.

120.   All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as a deputy Weber County Attorney and their acts or omissions were conducted within the scope of their official duties or employment.

121.   Weber County, through deputy Weber County Attorney Brandon Miles, attempted to coerce Plaintiff into dismissing and foregoing all civil actions related to the Assault by making any plea deal in the criminal case contingent upon Plaintiff compromising his right to such civil action.

122.   Even though the requirement to waive civil action in order to take a plea in the criminal case was eventually withdrawn, the actions of Defendant Weber County and Defendant Brandon Miles prejudiced Plaintiff in the related criminal case by worsening the plea

agreement he was offered, and by tainting the parties and the process of the criminal

undertaking.

123.    The requirements imposed by Defendant Weber County and Defendant Miles were for

the sole purpose of avoiding liability that may arise through the instant case and were

fore an improper purpose.

124.    The actions of Weber County and Defendant Miles violated Plaintiff's due process

rights under the Fifth Amendment of the U.S. Constitution and Article 1 Section 7 of the

Utah Constitution.

125.    John Does 1 through 14 are members of Weber County, Ogden City, Roy City, and

Morgan County who assisted Defendant Call and Defendant Thomlinson in altering the

crime scene to make it appear as though Defendants Call and Thomlinson had been

wearing police uniforms during the Assault and give the appearance that Plaintiff had

assaulted Defendants Call and Thomlinson.

126.    John Does 1 through 14 have violated Plaintiff's due process rights by fabricating or

altering evidence against Plaintiff.

127.    In addition to compensatory, economic, consequential and special damages, Plaintiff is

entitled to punitive damages against each of the individually named Defendants under 42

U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken

maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of

Plaintiff; the amount of such damages shall be proven at trial, but are no less than

$12,000,000.00.

## EIGHTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress – Lucas Call & Tyler Thomlinson

128.    Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

129.    Defendants Call and Thomlinson both acted in an outrageous manner when they assaulted Plaintiff.

130.    Defendants Call and Thomlinson both assaulted Plaintiff for the purpose of causing Plaintiff emotional harm so severe that it could be expected to adversely affect Plaintiff's mental health.

131.    As a direct and proximate result of the outrageous conduct of Defendant Call and Defendant Thomlinson, Plaintiff has suffered significant emotional harm and distress, resulting, in some cases, in physical manifestations of such distress.

132.    The intentional infliction of emotional distress upon Plaintiff by Defendant Call and Defendant Thomlinson has injured Plaintiff in an amount to be proven at trial, but no less than $2,000,000.00.

## NINTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress – – Lucas Call & Tyler Thomlinson

133.    Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

134.    Defendants Call and Thomlinson both acted in an outrageous manner when they assaulted Plaintiff.

135. Defendants Call and Thomlinson acted at least negligently as to causing Plaintiff emotional distress when they assaulted Plaintiff.

136. As a direct and proximate result of the negligent conduct of Defendant Call and Defendant Thomlinson, Plaintiff has suffered significant emotional harm and distress, resulting, in some cases, in physical manifestations of such distress.

137. The negligent infliction of emotional distress upon Plaintiff by Defendant Call and Defendant Thomlinson has injured Plaintiff in an amount to be proven at trial, but no less than $2,000,000.00.

### TENTH CAUSE OF ACTION

Negligent Employment (including all subsets of Negligent Hiring, Negligent Supervision, and Negligent Retention);

(Weber County, Ogden City, Roy City, Morgan County)

138. Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

139. The Municipalities knew or should have known that Defendant Call was in an intimate affair with Frankie Garza.

140. The Municipalities knew or should have known that Defendant Call and Defendant Thomlinson had a propensity for violating policies of each of the municipalities' respective law enforcement agencies.

141. The Municipalities knew or should have known that Defendant Call and Defendant Thomlinson were emotionally compromised as to any dealings with Plaintiff because of

the parallel intimate relationships of Frankie Garza with Plaintiff and with Defendant Call.

142.   In spite of such knowledge, or implied knowledge, the Municipalities continued to employ Defendants Call and Thomlinson and allowed them to work on cases involving Plaintiff.

143.   Municipalities' grant of authority to Defendant Call and Defendant Thomlinson, especially as to cases involving Plaintiff, was the direct and proximate cause of life-threatening injuries to Plaintiff.

## ELEVENTH CAUSE OF ACTION
Respondeat Superior

(Weber County, Ogden City, Roy City, Morgan County)

144.   Plaintiff repeats and incorporates by reference herein the foregoing allegations as if fully stated herein.

145.   At all times relevant to this matter, Defendant Call was an employee of Ogden City and an agent of Weber County and Morgan County.

146.   At all times relevant to this matter, Defendant Thomlinson was an employee of Roy City and an agent of Weber County and Morgan County.

147.   The Assault of Plaintiff by Defendants Call and Thomlinson was committed within the scope of their employment, as they were, according to Weber County documents, attempting to effect an arrest of Plaintiff.

148.    Defendants Weber County, Ogden City, Roy City, Morgan County are responsible for the acts of their employees and agents that have harmed Plaintiff, namely Defendants Call and Thomlinson.

149.    Defendants Weber County, Ogden City, Roy City, Morgan County are therefore liable, as set forth above, to Plaintiff in an amount to be determined at trial, but no less than $3,000,000.00.

150.    Defendant Weber County is responsible and liable for the acts of its employees and agents that have harmed Plaintiff, namely John Does 15 through 30.

151.    Defendant Weber County is therefore liable, as set forth above, to Plaintiff in an amount to be determined at trial, but no less than $4,000,000.00.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants as requested in each of the causes of action set forth above and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity

DATED this 6th day of March 2019.


By: ___/s/ Jonathan Hanks_____
      Jonathan D. Hanks
      Attorney for Plaintiff