## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEONARD MARION,<br><br>                    Plaintiff,<br><br>v.<br><br>WEBER COUNTY, a Utah county;<br>ODGEN CITY, a Utah municipality;<br>MORGAN COUNTY, a Utah county;<br>ROY CITY, a Utah municipality;<br>LUCAS CALL, an individual; TYLER<br>TOMLINSON, an individual;<br>BRANDON MILES; and JOHN DOES 1<br>through 30, each an individual,<br><br>                    Defendants. | **MEMORANDUM DECISION AND<br>ORDER**<br><br>Case No. 1:18-cv-00148<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

There are a number of motions currently pending in this matter.  First, Defendants Ogden City, Morgan County, Roy City, Lucas Call, and Tyler Tomlinson (collectively, the City Defendants) filed a Motion to Dismiss Plaintiff Leonard Marion's Amended Complaint[1] for, among other things, insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[2]  Second, Marion filed a Motion for Default Judgment as against Weber County.[3] Third, Defendant Weber County filed a Motion to Quash, arguing Marion's summons was defective and untimely served.[4]  And finally, after Weber County filed its Motion to Quash, Marion filed a Motion to Withdraw his Motion for Default Judgment.[5]  For the reasons discussed

---

[1] Dkt. 7.

[2] Dkt. 8.

[3] Dkt. 17.

[4] Dkt. 18.

[5] Dkt. 22.

below, the City Defendants' Motion is GRANTED, Plaintiff Marion's Motion to Withdraw his Motion for Default Judgment is GRANTED, and Defendant Weber County's Motion is GRANTED IN PART.

## BACKGROUND

Marion filed his initial Complaint on November 15, 2018.[6]  In the ensuing four months, Marion took no further action in his case—including making any efforts to serve any Defendant with a copy of the summons or Complaint.  On March 6, 2019, Marion filed a Motion for Leave to amend his Complaint,[7] which Magistrate Judge Warner granted.[8]  On March 13, 2019, Marion filed his Amended Complaint.[9]  But Marion did not begin to serve any Defendants until June 21, 2019, when he served Weber County, Ogden City, and Roy City.[10]  On June 24, 2019, Marion served Morgan County.[11]  Thereafter, Marion served Defendants Call and Tomlinson.[12]

The City Defendants filed a Motion to Dismiss Marion's claims against them on July 29, 2019.[13]  Marion filed a Motion for Default Judgment against Weber County on September 21, 2019.[14]  On September 25, 2019, Weber County filed a Motion to Quash for Insufficient

---

[6] Dkt. 2.

[7] Dkt. 5.

[8] Dkt. 6.

[9] Dkt. 7.

[10] Dkt. 8-3; dkt. 18-1. The court may consider evidence outside Marion's Amended Complaint on a motion to dismiss under Rule 12(b)(5) without converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under *Rule 12(b)(6) or 12(c)*, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." (emphasis added)).  *See also Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (recognizing on a motion to dismiss under Rule 12(b)(5), "[t]he parties may submit affidavits and other documentary evidence for the Court's consideration").

[11] Dkt. 8-3.

[12] *See* dkt. 8-4.

[13] Dkt. 8.

[14] Dkt. 17.

Service.[15]  And on October 21, 2019, Marion filed a Motion to Withdraw his Motion for Default Judgment.[16]

## I. The City Defendants' Motion to Dismiss

The City Defendants ask the court to dismiss Marion's complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(5).[17]  Rule 12(b)(5) allows a party to challenge a complaint for insufficient service of process.[18]  A 12(b)(5) motion challenges "the mode of delivery or the lack of delivery of the summons and complaint."[19]  "In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant."[20]

The City Defendants argue the Amended Complaint should be dismissed because Marion failed to comply with the service requirements of Federal Rule of Civil Procedure 4.[21]  Rule 4(m) states in relevant part, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[22]  Here, Marion served Defendants outside the 90-day window that opened when he filed his

---

[15] Dkt. 18.

[16] Dkt. 22.

[17] Dkt. 8.

[18] Fed. R. Civ. P. 12(b)(5).

[19] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2019).

[20] *Lamendola v. Bd. of Cty. Comm'rs for Cty. of Taos*, No. CIV 18-0163 KBM/SCY, 2019 WL 2371714, at *1 (D.N.M. June 5, 2019) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[21] Dkt. 8 at 7.

[22] Fed. R. Civ. P. 4(m).

Complaint on November 15, 2018.  Thus, the court must decide whether to dismiss this action without prejudice or order that service be made within a specified time.

In determining whether to order service be made within a specified time, the court conducts a two-part inquiry.[23]  First, the "preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service."[24]  If the court concludes good cause is shown, "the plaintiff is entitled to a mandatory extension of time."[25]  If the plaintiff fails to show good cause, however, the court proceeds with the second inquiry.  The second inquiry requires the court to consider "whether a permissive extension of time may be warranted."[26]  In conducting the second inquiry, courts may consider factors such as whether "the applicable statute of limitations would bar the refiled action."[27]

Marion fails to show he is entitled to an extension of time for service under either the mandatory good cause standard or the permissive standard.

## A. Mandatory Good Cause Standard

Marion maintains he failed to serve the City Defendants because: (1) he mistakenly assumed the period for service of process was 120 days (as is the case under Rule 4(b) of the Utah Rules of Civil Procedure) and (2) he mistakenly assumed that the filing of his Amended Complaint reset Rule 4(m)'s 90-day service clock.[28]  Marion also argues that the City Defendants were not prejudiced by the delay.[29]  Marion's arguments are unavailing.

---

[23] *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 842 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

[28] Dkt. 13 at 2.

[29] Dkt. 13 at 2.

First, Marion's mistaken assumptions about the law do not amount to good cause.[30]  Rule 4(m) clearly indicates that the time to effect service is "90 days after the complaint is filed," not 120 days as Marion mistakenly believed.  Additionally, the law is firmly established in this circuit that the filing of an amended complaint does not extend the time for service.[31]  Furthermore, even if the filing of his Amended Complaint did extend the time for service, Marion still failed to effect service within the 90-day period required by Rule 4(m).  Finally, with respect to Marion's argument that the City Defendants did not suffer any prejudice, "[t]he absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiff[]."[32]  Because Marion fails to show that good cause exists, no mandatory extension of time to effect service is warranted.

## B. Permissive Standard

Marion also fails to demonstrate that the court should grant a permissive extension of time to effect service upon the City Defendants.  Marion makes no arguments in his Opposition to Defendants' Motion to Dismiss about why he should be given an extension of time under the permissive standard.[33]  Indeed, his Opposition is entirely devoid of any reference to the permissive standard.[34]  And the court will not deviate here from its standard practice of declining to make arguments for parties when they have not made those arguments for themselves.

---

[30] *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994).

[31] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint *except as to those defendants newly added in the amended complaint*." (emphasis added)).

[32] *Despain*, 13 F.3d at 1439.

[33] *See* dkt. 13 at 2.

[34] *See* dkt. 13 at 2.

5

Consequently, Marion fails to demonstrate that he should be granted an extension of time to effect service under the permissive standard.

For these reasons, the court GRANTS the City Defendants' Motion to Dismiss without prejudice.[35]

### II. Marion's Motion for Default Judgment and Weber County's Motion to Quash

Marion's Motion for Default Judgment and Weber County's Motion to Quash are intertwined. Marion served Weber County with a copy of the summons and Amended Complaint on June 21, 2019.[36] Weber County did not file a responsive pleading to the Amended Complaint.[37] Accordingly, on September 21, 2019, Marion filed a Motion for Default Judgment against Weber County pursuant to Federal Rule of Civil Procedure 55.[38]

In response, Weber County filed a Motion to Quash on September 25, 2019.[39] Weber County's argument is twofold. First, Weber County argues Marion's summons was defective and therefore any attempt by Marion to obtain a default judgment against it should be denied.[40] Second, Weber County argues the court should dismiss the Amended Complaint against Weber County because Marion did not effectuate service within 90 days as required by Rule 4(m).[41] Weber County also asks the court for an award of attorney's fees.[42]

---

[35] The City Defendants raise other grounds for dismissal in their papers. Because the court concludes service was improper under Rule (4)(m) and this case should be dismissed without prejudice, the court declines to address these other grounds.

[36] Dkt. 18-1.

[37] Dkt. 17 at 2.

[38] Dkt. 17.

[39] Dkt. 18.

[40] Dkt. 18 at 3.

[41] Dkt. 18 at 3.

[42] Dkt. 18 at 4.

On October 21, 2019, Marion filed a Motion to Withdraw his Motion for Default Judgment.[43]  The court now GRANTS Marion's Motion to Withdraw his Motion for Default Judgment.  Because Marion's Motion for Default Judgment is withdrawn, Weber County's first argument regarding the defective summons is now moot.  But Weber County's second argument regarding the timeliness of service still merits review.

Marion did not effectuate service upon Weber County within 90 days as required by Rule 4(m).[44]  Accordingly, Weber County asks the court to dismiss this case against Weber County pursuant to Rule 4(m).[45]  For the same reasons the court granted the City Defendants' Motion to Dismiss,[46] Marion's Amended Complaint must also be dismissed without prejudice as against Weber County.

For these reasons, Marion's Motion to Withdraw is GRANTED and Weber County's Motion to Quash is GRANTED IN PART.[47]  Marion's Amended Complaint is dismissed without prejudice as against Weber County.

---

[43] Dkt. 22.

[44] Dkt. 18-1.

[45] Dkt. 18 at 3.

[46] *See supra* section I.

[47] Weber County's Motion is DENIED with respect to its request for attorney's fees.  Awarding attorney's fees under the bad faith exception is within the discretion of the trial court, *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984), and the court declines to exercise that discretion here.

**CONCLUSION**

The court GRANTS the City Defendants' Motion to Dismiss[48] without prejudice.  The

court also GRANTS Marion's Motion to Withdraw his Motion for Default Judgment[49] and

GRANTS Weber County's Motion to Quash[50] IN PART.


**SO ORDERED** this 28th day of October, 2019.

BY THE COURT:

_____

ROBERT J. SHELBY
United States Chief District Judge

---

[48] Dkt. 8

[49] Dkt. 22.

[50] Dkt. 18.